Judge Mills
delivered the opinion of the Court.
This is an action of covenant; and a verdict and judgment were rendered, in "the court below, in favor of the defendants in error, who were plaintiffs below.
If one of several broaches bo ill, a general verdict is insufficient, & judgment glial) be arrested.
Declaration held insufficient, & plaintiff advised to begin with a now, rathet than amend old declaration.
Kvidonee held inadmissible, because not shewn to bo relevant.
The first errors assigned, question the sufficiency of the breaches ,iu the declaration. The covenant declared on is not made part of the record, and we have to judge of its stipulations by what is recited in the declaration;, and testing the breaches by this, we cannot say that there is a single one well assigned. It does not appear that any breach comes within the letter or spirit of the covenant, and for this cause the judgment cannot be supported. For if but one breach is ill -assigned, and the verdict is general, it is, accordingto well settled law, sufficient to reverse the judgment; much more so when there is not one good one.
We have not thought it necessary to recite the breaches, because they are so badly assigned, and so full of useless repetitions, that the recital of them, or reasons shewing why they are had, could be of no service as a precedent, and the plaintiffs below must find it more to their interest to file a new declaration, than to attempt to amend the old.
But there is a question or two presented on the evidence, which may arise again in the court below, on a new declaration and trial thereon, which it becomes necessary to notice, especially as it may shed some light on the sufficiency of the breaches.
One of the stipulations recited is, “that the intestate of the defendant below, covenanted against all actions, suits, attachments, judgments, costs and damages, which might be instituted or recovered for the non-payment of any sum or sums of money due and owing, or which may be due and owing to Prentiss and Bakewell, or their representatives or assigns, by the owners of the steamboat Henderson, for and ort account of the purchase of the said steam boat Henderson.”
So far as we can understand the breach attempted to be assigned of this stipulation, the plaintiffs below allege, that Prentiss & Bakewell had sued them, the plaintiffs, on two large notes in the Henderson circuit court. On the trial, the plaintiffs offered in evidence two judgments of that court, and notes on which they were founded, rendered since this suit was brought, each for large sums. The ad *35 mission of these judgments was objected to, and the objection overruled, and the judgments admitted. The notes on which the judgments were founded, appear to be executed by Wilson, Bowen & Co. to Prentiss & Bakewell. The judgments were rendered in favor of the firm of Prentiss & Bakewell against % illiam R. Bowen, Samuel A. Bowen, (the tyo plaintiffs below,) Robert Speed, Obadiah Smith, and.Bennett Marshall, surviving partners of Wilson, Bowen & Co.
Mandate
Crittenden for plaintiffs; Mayes for defendants*
It no where appears, either from the pleadings or ev idence in this cause, that Wilson, Bowen & Co. were the owners of the steam boat Henderson, or that the money was due to Prentiss & Bakewell for the purchase of the boat; all which was indubitably necessary, before the plaintiffs below could be entitled, according te the express stipulation of the covenant, to make the amount of their judgments a charge against the defendant. Thus nakedly presented, the judgments were improperly admitted.
We place this point wholly upon the relevancy of the notes and judgments, or the want of any averment or proof that these notes or judgments have any thing to do with the covenant declared on. From any thing apparent in the record their relevancy may be shewn hereafter; But until this is shewn, we deem it improper to go farther, and de-: cide upon the extent of liability incurred by the intestate of the plaintiff in error, in consequence of these judgments, which appear to have been a considerable question in the court below.
The judgment must be reversed, and the verdict be set aside, with costs, and the cause must be remanded, with leave to the plaintiffs below to file a new declaration on their original writ, if they shall choose so to do.